FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 05, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSEPH PHILLIPS,<br><br>    Plaintiff,<br><br>    v.<br><br>LYCAMOBILE USA INC.,<br><br>    Defendant. | No. 2:25-MC-00001-SAB<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION, IN PART** |

      On May 20, 2025, Magistrate Judge Ekstrom issued an Order that granted Plaintiff's Motion to Compel and imposed sanctions. ECF No. 48. On September 25, 2025, the Court converted that Order to a Report and Recommendation and allowed the parties to file Objections. ECF No. 144.

      Defendant filed its Objection on October 9, 2025. Defendant is represented by Caleb Hatch. Plaintiff filed his response on October 23, 2025. Plaintiff is represented by Devin Smith, Mackenzie Barron, and Matthew Jedreski.

      In the Report and Recommendation, Magistrate Judge Ekstrom made a number of factual findings. Defendant did not challenge these findings. Magistrate Judge Ekstrom also awarded reasonable expenses and attorney's fees. Defendant did not challenge that recommendation. Instead, Defendant argues the sanctions imposed by Magistrate Judge Ekstrom are not appropriate because it did not violate a valid court order. Since conceivably all of the orders issued by Magistrate Judge Ekstrom are now Report and Recommendations, it cannot be sanctioned

**ORDER ADOPTING REPORT AND RECOMMENDATION, IN PART** ~ 1

under Fed. R. Civ. P. 37(b) and 45(g), which are only available if a court order has been disobeyed.

Defendant's arguments place form over substance, especially given the undisputed factual findings made by Judge Ekstrom. Moreover, when presiding over these proceedings, this Court can impose its own sanctions under its inherent authority. *See Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) ("Federal courts possess certain inherent powers, not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."). Because the Court is contemplating imposing sanctions based on its inherent authority, it will grant Defendant's Motion to File a Reply, in part. Defendant will be afforded the opportunity to address why sanctions should not be imposed by this Court under its inherent authority based on Defendant's conduct before the Magistrate Judge (as identified in the Report and Recommendation) and any subsequent conduct.

For purposes of reviewing the Report and Recommendation, the Court adopts the unchallenged factual findings set forth in the Order, including the following:

- Defendant blatantly ignored the Court's prior orders
- Defendant unacceptably delayed discovery production without any explanation or justification
- Defendant made a business decision to disobey the Magistrate Judge's orders to gain an advantage in the *Plinton* lawsuit
- Defendant made misrepresentations to the Court
- Defendant made no efforts to obtain and disclose responsive documents
- Defendant misrepresented the law and legal authority on multiple occasions
- Defendant engaged in gamesmanship by changing counsel multiple

**ORDER ADOPTING REPORT AND RECOMMENDATION, IN PART ~ 2**

       times and seeking to use that as a basis for further delay
- Defendant was warned numerous times that it should anticipate monetary and other sanctions for any failure to comply
- Defendant has not shown it was acting in good faith.
- Defendant declined to meet with Plaintiff regarding discovery production
- Defendant's proposed workflow would result in it turning over nearly all of the ordered discovery—likely thousands of documents—three weeks before the close of discovery and after depositions were well underway or concluded.

Additionally, the Court adopts Magistrate Judge Ekstrom's recommendation that Plaintiff is entitled to reasonable attorneys' fees.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Leave to File Reply, ECF No. 149, is **GRANTED in part**.

2. **Within fourteen (14) days** from the date of this Order, Defendant is granted leave to file a reply that only addresses whether the Court should grant sanctions based on its inherent authority to manage its docket.

//
//
//
//
//
//
//
//
//

**ORDER ADOPTING REPORT AND RECOMMENDATION, IN PART ~ 3**

3.  Defendant's Motion to Stay Deadline for Responding to Plaintiff's Motion for Attorney's Fees and Expenses, ECF No. 124, is **DENIED**. Within **seven (7) days** from the date of this Order, Defendant shall file a response to Plaintiff's Motion for Reasonable Attorneys' Fees, Costs and Sanctions. ECF No. 118. Any reply shall be filed according to the Local Rules.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order, forward copies to counsel, and set a case management deadline accordingly.

**DATED** this 5th day of November 2025.



Stan Bastian
Chief United States District Judge

**ORDER ADOPTING REPORT AND RECOMMENDATION, IN PART ~ 4**