FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 27, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSEPH PHILLIPS,<br><br>    Plaintiff,<br><br>    v.<br><br>LYCAMOBILE USA INC.,<br><br>    Defendant. | No. 2:25-MC-00001-SAB<br><br>**ORDER GRANTING MOTION FOR ATTORNEYS FEES; DENYING MOTION FOR RECONSIDERATION** |

On November 12, 2025, the Court adopted the Report and Recommendation finding that Plaintiff is entitled to reasonable attorneys' fees. ECF No. 152. Defendant now moves the Court to reconsider that Order. Additionally, pending before the Court is Plaintiff's Motion for Reasonable Attorney Fees, Costs, and Sanctions, ECF No. 116. Plaintiff is represented Devin Smith, Makenzie Barron, and Matthew Jedreski. Defendant is represented by Caleb Hatch.

**1. Motion for Reconsideration**

Defendant asks the Court to reconsider its finding that Defendants did not challenge Magistrate Judge Ekstrom's recommendation to award reasonable expenses and attorneys fees. It asserts the Court committed clear error in making the finding because just the opposite happened—that is, Defendant objected to all sanctions imposed by the Magistrate. Moreover, it asserts the Court was required to make a de novo determination of whether the award of attorney fees is

**ORDER GRANTING MOTION FOR ATTORNEYS FEES; DENYING MOTION FOR RECONSIDERATION~ 1**

appropriate.

## MOTION STANDARD

Under Rule 60(b), relief from a judgment or order is available for: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by the opposing party; (4) voiding of the judgment; (5) satisfaction of the judgment; or (6) "any other reason that justifies relief." See Fed. R. Civ. P. 60(b).

Motions for reconsideration are disfavored and should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law. *Kona Enterprises, Inc. v. Estate of Bishop*. 229, F.3d 877, 890 (9th Cir. 2000). A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *Id.*

## Analysis

The Court declines to reconsider its decision to adopt Magistrate Judge Ekstrom's recommendation to award reasonable attorneys' fees and expenses. In its Order, the Court acknowledged that Defendant's position was that no sanctions imposed were appropriate because it did not violate a valid court order. The Court rejected that argument in the Order Adopting the Magistrate Judge's recommendation and rejects it again today.

Defendant has stalled, delayed, engaged in gamesmanship, acted in bad faith, and made misrepresentations to the Court, but now argues it should face no consequences for this behavior because the Magistrate Judge was without jurisdiction to order it to do anything. Defendant believes that because it has complied with the subpoena some nine months later, it should not face any sanctions.

The Court disagrees. Based on the factual findings made by Magistrate

**ORDER GRANTING MOTION FOR ATTORNEYS FEES; DENYING MOTION FOR RECONSIDERATION~ 2**

1 Judge Ekstrom and adopted by this Court, the Court will impose reasonable
2 attorneys' fees under its inherent authority and Fed. R. Civ. P. 37(a)(5). It is
3 undisputed that Defendant continued to participate in proceedings before the
4 Magistrate Judge for six months and not once objected to the Magistrate Judge
5 presiding over the proceedings until sanctions were imposed. Moreover, even if
6 Magistrate Judge Ekstrom was not properly presiding over the proceedings, this
7 fact did not excuse Defendant from making misrepresentations to Magistrate Judge
8 Ekstrom, misrepresenting the law and legal authority on multiple occasions,
9 engaging in gamesmanship, failing to act in good faith, and declining to meet with
10 Plaintiff regarding discovery production.

11 Moreover, previously this Court determined the interest of justice would be
12 better served by not revisiting Magistrate Judge Ekstrom's orders compelling
13 discovery. But it could have. Instead, it relied on Defendant's representations that
14 it was complying with the subpoena. However, Plaintiff reports that Defendant's
15 responses to the subpoenas remain deficient. ECF No. 157. If necessary, the Court
16 can convert these Orders to Report and Recommendations and will do so if
17 requested by any party.

18 In this case, Plaintiff was required to bring an action to compel because
19 Defendant decided to not play by the Federal Rules of Civil Procedure, and
20 Plaintiff should be awarded reasonable attorneys' fees because of this. It is
21 undisputed that Defendant delayed discovery production to gain an advantage in
22 the *Plinton* lawsuit, made misrepresentations to the Magistrate Judge,
23 misrepresented the law and legal authority on multiple occasions, did not act in
24 good faith, and declined to meet with Plaintiff regarding discovery production,
25 which needlessly prolonged these proceedings and caused Plaintiff in incur
26 unnecessary legal fees and expenses.
27 //
28 //

**ORDER GRANTING MOTION FOR ATTORNEYS FEES; DENYING MOTION FOR RECONSIDERATION~ 3**

**2. Attorneys' Fees**

Plaintiff seeks $215,359.50 in attorneys' fees and $1,131.65 in costs. ECF No.156.

The Court finds the requested fees reasonable and appropriate to compensate Plaintiff for having to bring this lawsuit to compel Defendant to respond to a valid subpoena. *See Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017). The Court finds the hours expended to be reasonable and the rates to be in line with the prevailing market rate for an attorney of their experience for similar types of litigation. *See Camacho v. Bridgeport Fin. Inc.*, 523 F.3d 973, 979 (9th Cir. 2008).

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Request for Reconsideration of Order Adopting Report and Recommendation and Brief Stay, ECF No. 155 is **DENIED**.

2. Plaintiff's Motion for Reasonable Attorneys' Fees, Costs, and Sanctions, ECF NO. 118, are **GRANTED**, in part. The Court awards attorney' fees in the amount of $215,359.50 and $1,131.65 in expenses.

3. **Within 30 days from the date of this Order**, the parties shall file a status certificate with the Court.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order, and forward copies to counsel.

**DATED** this 27th day of January 2026.



Stan Bastian
Chief United States District Judge

**ORDER GRANTING MOTION FOR ATTORNEYS FEES; DENYING MOTION FOR RECONSIDERATION~ 4**