THE HONORABLE STANLEY BASTIAN

Matthew Jedreski, WSBA #50542
Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
Telephone: 206.622.3150
Facsimile: 206.757.7700
*Attorneys for Joseph Phillips*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| JOSEPH PHILLIPS,<br><br>                Plaintiff,<br><br>   v.<br><br>LYCAMOBILE USA INC.,<br><br>                Defendant. | No. 2:25-cv-00001-SAB<br><br>PLAINTIFF JOSEPH PHILLIPS' MOTION TO COMPEL SUBPOENA COMPLIANCE<br><br>NOTED: August 10, 2026<br>Without Oral Argument |

MOTION TO COMPEL COMPLIANCE
Case No. 2:25-cv-00001-SAB

## I.    INTRODUCTION

Plaintiff Joseph Phillips moves for an order compelling Defendant Lycamobile USA Inc. ("Lycamobile") to: (1) search, review, and produce subpoena-responsive documents from the T-Mobile Lawsuit data source in its possession; and (2) produce documents responsive to the deficiencies identified in Phillips' November 12, 2025 deficiency letter, including internal communications among Lycamobile employees, agents, and owners.  Phillips further seeks an award of reasonable attorneys' fees and costs incurred in bringing this motion.

This is Phillips' fourth motion to compel in this proceeding.  The Court is familiar with Lycamobile's pattern of discovery malfeasance.  *See* ECF No. 152 at 2–3; ECF No. 159 at 3.  In February 2026, Lycamobile's prior counsel abruptly disclosed that Lycamobile had access to documents from the T-Mobile Lawsuit (after prior counsel told Phillips Lycamobile did not have access).  In the four months since, Phillips has conferred extensively with Lycamobile regarding collection and production of documents from the T-Mobile Lawsuit data source that are responsive to Phillips' subpoenas.  In response, Lycamobile deployed a well-worn tactic: it switched law firms (to its sixth firm in this case) and used that as an excuse for delay.  Phillips gave new counsel six weeks to get up to speed, then provided specific search parameters to Lycamobile's former and new counsel on May 5, 2026, per Phillips' agreement with Lycamobile's prior counsel.  Despite numerous check-ins and follow-ups, Lycamobile has not run any search terms, engaged a vendor, provided meaningful information about the data source, or provided any meaningful update; at every juncture, Lycamobile's latest counsel

MOTION TO COMPEL COMPLIANCE - 1
Case No. 2:25-cv-00001-SAB

has stated only that they are "working to schedule a meeting" with Lycamobile to move this forward.

Phillips made clear that further delay, absent any meaningful progress, would require this motion. Lycamobile has gone radio silent. The Court should compel Lycamobile to complete collection, searching, review, and production from the T-Mobile Lawsuit data source and complete production responsive to the November 2025 deficiency letter, within thirty (30) days of this Court's order. The Court should also award Phillips his reasonable fees and costs incurred in once again seeking judicial intervention to enforce valid subpoenas.

## II.    BACKGROUND

### A.    Phillips' Subpoenas and Lycamobile's Obstruction and Delay.

This subpoena enforcement proceeding arises from the Western District of Washington action *Plintron Technologies USA, LLC v. Joseph Phillips et al.*, No. 2:24-cv-00093-TL ("Plintron Lawsuit"), in which Lycamobile's sister company Plintron (which is owned by Lycamobile's owners) faces significant liability for a global kickback and tax evasion scheme with Lycamobile that stole wages owed to Phillips. Declaration of Matthew Jedreski ("Jedreski Decl.") ¶ 2. Over the past twenty-one months, Phillips has served Lycamobile with subpoenas seeking documents necessary to prosecute his defenses and counterclaims in the Plintron Lawsuit. *Id.*

From the outset of this extensive litigation, Lycamobile operated pursuant to a "business decision to disobey" the Court's "orders to gain an advantage in the" Plintron Lawsuit, "made misrepresentations to the Court"; "misrepresented the law

MOTION TO COMPEL COMPLIANCE - 2
Case No. 2:25-cv-00001-SAB

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

and legal authority on multiple occasions"; "made no efforts to obtain and disclose responsive documents"; "***engaged in gamesmanship by changing counsel multiple times and seeking to use that as a basis for further delay.***" ECF No. 152 at 2–3 (emphasis added); *see also* ECF Nos. 1, 29, 118, 147. Lycamobile's misconduct has forced Phillips to file three prior motions to compel. *See* ECF Nos. 1, 29, 161. Based on the above findings, the Court awarded Phillips sanctions in the form of $215,359.50 in attorneys' fees and $1,131.65 in costs. *See* ECF No. 159 at 3–4.[1]

### B. Lycamobile Discloses Access to the T-Mobile Lawsuit Data Source.

Phillips specifically requested Lycamobile search for documents responsive to the subpoena that were previously produced in a King County Superior Court lawsuit, *T-Mobile USA*, *Inc. v. Lycamobile USA Inc.*, King County Superior Court

---

[1] Lycamobile has filed an interlocutory appeal of that order. An interlocutory appeal divests a district court of jurisdiction only over "those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Because Lycamobile's appeal is limited to the specific order imposing sanctions based on its past conduct, *see* ECF No. 169, the Court retains jurisdiction over the separate issue of compelling Lycamobile's ongoing compliance with Phillips' subpoenas. *See U.S. v. W.R. Grace*, 235 F.R.D. 692, 694 (D. Mont. 2006) (citing *Griggs* and holding the court retained jurisdiction over discovery matters where the interlocutory appeal was limited to separate issues).

MOTION TO COMPEL COMPLIANCE - 3
Case No. 2:25-cv-00001-SAB

No. 22-2-20756-6 SEA (the "T-Mobile Lawsuit"). In December 2025, Phillips discovered Lycamobile had not in fact searched that data source when Phillips found several highly responsive documents on the public docket of the T-Mobile Lawsuit, prompting Phillips' third motion to compel. *See* ECF No. 161 at 3–7. After Phillips filed that motion, Lycamobile produced the two documents at issue and admitted it had access to the documents from the T-Mobile Lawsuit (the "T-Mobile Lawsuit data source"). *See* ECF No. 168; ECF No. 172 at 1–2. As reflected in the parties' last Joint Certificate of Status, Lycamobile had begun conferring with Phillips "to ensure this data source is searched for documents responsive to one critical topic in Mr. Phillips' subpoenas: Communications with or about Mohan Sundaram or Subhashree Radhakrishnan." ECF No. 172 at 2–3.

**C.     Lycamobile Again Switches Counsel and Refuses to Engage.**

On March 17, 2026, Lycamobile's prior counsel informed Phillips that Lycamobile would again substitute counsel—its ***sixth*** law firm in this matter. *See* Jedreski Decl. Ex. B at 21. During subsequent correspondence and conferrals, prior counsel repeatedly stated that they conveyed Phillips' position to Lycamobile, but that Phillips needed to wait until substitution before substantive discussions regarding searches of the T-Mobile Lawsuit data source or addressing outstanding production deficiencies could occur. *See* Jedreski Decl. Exs. A, B. Lycamobile had employed this tactic—switching counsel at a key juncture and demanding delay to get up to speed—twice before in this matter. *See* ECF No. 165 at 3–5. On May 5, 2026, Phillips provided specific search terms for the T-Mobile Lawsuit data source to Lycamobile's former and current counsel. *See* Jedreski

MOTION TO COMPEL COMPLIANCE - 4
Case No. 2:25-cv-00001-SAB

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Decl. Ex. C.  Although new counsel—Seyfarth Shaw LLP—appeared in Lycamobile's sanctions order appeal in early April, *see* ECF No. 169; Jedreski Decl. ¶ 4, Seyfarth refused to appear in this matter for another month despite Phillips' repeated requests they do so.  *See* ECF No. 180; Jedreski Decl. ¶ 5.

After this initial three-month delay, Seyfarth finally agreed to meet with Phillips' counsel on May 20, 2026.  *See* Jedreski Decl. Ex. D at 39–40. Lycamobile then agreed to review Phillips' proposed search terms and provide updates on that progress.  *See id.* at 38.  On June 5, 2026, the parties conferred again, during which Lycamobile's counsel represented that it had a call scheduled with Lycamobile the upcoming Monday to obtain additional information regarding Lycamobile's progress in searching the T-Mobile Lawsuit data source and other outstanding issues.  *Id.* at 36–37.  Lycamobile's counsel agreed to provide a written email update the following week.  *See id.* at 36.

That promised update never came.  Between June 5 and June 29, 2026, Phillips repeatedly sought updates regarding Lycamobile's progress.  *See id.* at 31–36.  Each time, Lycamobile's counsel gave a rote reply to the effect that it was attempting to coordinate with Lycamobile, while refusing to provide any substantive information regarding any search efforts, vendor engagement, dataset details, or production timeline.  *See id.*

The parties conferred again on June 29, 2026.  On that call, Lycamobile's counsel confirmed that it had not run any search terms, did not have any concrete information regarding the T-Mobile Lawsuit data source, did not have any comments regarding the proposed search parameters, and had no information on

MOTION TO COMPEL COMPLIANCE - 5
Case No. 2:25-cv-00001-SAB

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

Lycamobile's expected timeline or proposed next steps to comply with Phillips' subpoenas. *See id.* at 31–32. Instead, counsel would only state (again) that they were "actively trying to schedule a call" with Lycamobile. *See id.* During the same call and in subsequent correspondence, current counsel confirmed that Lycamobile has not even ***scheduled*** a call with its attorneys to discuss these issues. *See id.*

In short, nearly five months after Lycamobile confirmed access to the data source, and nearly two months after Phillips provided specific search parameters to Lycamobile's latest counsel, it appears Lycamobile has taken no steps whatsoever to search, review, or produce responsive documents from the T-Mobile Lawsuit data source, and is actively delaying the same. Lycamobile apparently declines to even schedule a meeting with its own lawyers to discuss this matter, despite being told that it would lead to another motion to compel. *See id.*

### D.    Other Deficiency Issues Remain Unresolved.

On November 12, 2025, Phillips sent Lycamobile a detailed deficiency letter identifying numerous categories of subpoena-responsive documents that had not been produced. *See* Jedreski Decl. Ex. E. The deficiencies included, among others: documents substantiating the nature or justification of payments between Plintron and Lycamobile entities, including the basis, calculation, and support for Interconnect Service Fees; evidence of services, work, or consideration provided by PMTS in exchange for payments; communications regarding the negotiation or execution of agreements with PMTS; communications with key individuals and

MOTION TO COMPEL COMPLIANCE - 6
Case No. 2:25-cv-00001-SAB

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

email accounts; documents from or related to the T-Mobile litigation; and documents and communications referring or relating to Mr. Phillips. *See id.*

Phillips' counsel raised these deficiencies with Lycamobile's latest counsel during the May 20, 2026 conferral, and provided another copy of the November 2025 letter. *See* Jedreski Decl. Ex. D at 38–39. Despite its counsel acknowledging those issues and agreeing to review them, Lycamobile has provided no supplemental production, no substantive response, and no indication that it has taken any steps to address the deficiencies.

### III.    ARGUMENT

**A.    Lycamobile Must Be Compelled to Search and Produce Documents from the T-Mobile Lawsuit Data Source.**

The scope of discovery applicable to third-party subpoenas is the same as party discovery under Rule 26. *Muffett v. City of Yakima*, 2012 WL 12827488, at *2 (E.D. Wash. July 20, 2012) (citing Fed. R. Civ. P. 45 advisory committee notes). A subpoena may seek "nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1). The "threshold for relevance at the discovery stage is low." *Muffett*, 2012 WL 12827488, at *3.

Here, Lycamobile has confirmed it has access to the T-Mobile Lawsuit data source, which its attorneys have had access to for years through the T-Mobile Lawsuit. *See* ECF No. 172; ECF No. 161 at 8 (citing RPC 1.15, 1.16, WSBA AO 2211). The T-Mobile Lawsuit data source plainly contains responsive documents—that matter involved corporate relationships and key individuals at the heart of Phillips' claims. *See* ECF No. 161 at 3–5. Phillips has provided narrow

MOTION TO COMPEL COMPLIANCE - 7
Case No. 2:25-cv-00001-SAB

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

search parameters.  *See* Jedreski Decl. Ex. C.  Lycamobile has no legitimate basis to withhold responsive documents, let alone for its ongoing refusal to even begin searching for them in an identified, available source.  Continued nonproduction, particularly against the backdrop of Lycamobile's prior conduct, reflects ongoing noncompliance with Lycamobile's discovery obligations and an intentional effort to withhold necessary discovery from Phillips.  *See* ECF Nos. 48, 152.

When a party has access to responsive documents and refuses to search for or produce them, the Court may—and should—compel compliance.  *See* Fed. R. Civ. P. 45(d)(2)(B)(i); *Muffett*, 2012 WL 12827488 at *2–3.  Lycamobile's refusal to take even the most basic steps toward compliance—after five months of conferral and two months of specific search terms in hand—is inexcusable (if familiar) conduct by Lycamobile.

**B.    Lycamobile Must Produce All Outstanding Documents Identified in the November 2025 Letter.**

Phillips' November 12, 2025 letter identified specific, detailed categories of responsive documents that remain unproduced.  In seven months, Lycamobile has provided no production and no substantive explanation for its continued nonproduction of these categories.  The Court should order Lycamobile to produce all responsive documents in these categories or provide a sworn declaration explaining, category by category, why responsive documents do not exist and what sources and custodians have been searched in its attempt to produce them.

MOTION TO COMPEL COMPLIANCE - 8
Case No. 2:25-cv-00001-SAB

## C.    The Court Should Order Sanctions and Award Fees.

Phillips has been required to bring repeated motions to compel because Lycamobile treats discovery obligations and this Court's orders as optional.  The Court has already sanctioned Lycamobile for the same pattern of delay and obstruction.  *See* ECF Nos. 152, 159.  Phillips' counsel engaged in extensive, good faith conferral efforts—holding multiple calls, sending numerous follow-up emails, providing specific search terms, extending multiple deadlines and courtesies to Lycamobile's newest counsel, and repeatedly asking Lycamobile's counsel to get their client to engage and move forward rather than to obstruct and force motion practice.  *See* Jedreski Decl. Ex. D.  Lycamobile has again made its choice.

The Court may award fees under its inherent authority where, as here, a party has acted in bad faith.  *See Arrowhead Cap. Fin., Ltd. v. Picturepro, LLC*, 2023 WL 109722, at *2 (9th Cir. Jan. 5, 2023); *Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1090 (9th Cir. 2021).  Lycamobile's conduct—changing counsel for the sixth time, refusing to communicate with its own lawyers, and taking no affirmative steps to comply with the subpoena over many months after having been warned by the Court against such behavior and sanctioned for it—constitutes a continuation of the same bad faith the Court has already found.  *See* ECF No. 152.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests an order compelling Lycamobile to search, review, and produce all documents responsive to Phillips' subpoenas from the T-Mobile Lawsuit data source within thirty (30) days of the Court's order; compelling Lycamobile to produce all outstanding documents

MOTION TO COMPEL COMPLIANCE - 9
Case No. 2:25-cv-00001-SAB

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

identified in Phillips' November 12, 2025 deficiency letter, or provide a sworn declaration explaining the non-existence of responsive documents for each category and what sources and custodians have been searched in its attempt to produce them, within thirty (30) days of the Court's order; and awarding Phillips reasonable attorneys' fees and costs incurred in bringing this motion.

DATED this 9th day of July, 2026.

Davis Wright Tremaine LLP
Attorneys for Plaintiff Joseph Phillips

By /s/ Matthew Jedreski
Matthew Jedreski, WSBA No. 50542
Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
Telephone: 206.622.3150
Facsimile: 206.757.7700
mjedreski@dwt.com

MOTION TO COMPEL COMPLIANCE - 10
Case No. 2:25-cv-00001-SAB

## PROOF OF SERVICE

I hereby certify that on the 9th day of July, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record in this matter.

DATED this 9th day of July, 2026.

Davis Wright Tremaine LLP
Attorneys for Plaintiff Joseph Phillips

 */s/ Matthew Jedreski*
Matthew Jedreski, WSBA No. 50542

MOTION TO COMPEL COMPLIANCE - 11
Case No. 2:25-cv-00001-SAB